IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALCOLM COLEMAN,

        Plaintiff,

    v.

WARDEN RANDY GROUNDS, et al.,

        Defendants.

_____/

No. C 11-3463 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

    Plaintiff Malcolm Coleman, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed a pro se civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

    Plaintiff alleges the following in his complaint about the conditions of confinement at CTF. He states that during lockdown/modified program periods, the prison's food service procedures are unsanitary and do not comply with food service standards.  He complains that the lack of screens on windows allow insects to contaminate the food, that the cleaning solution used in the kitchen is diluted, and that the inmate food handlers are not properly trained.  (Compl. at 8.)  He further alleges that the inmate food handlers do not wash their hands prior to serving food, that they are not medically cleared to serve food, and that dust and trash can fall into food from tiers above thereby causing further contamination.  Generally, he claims that "inmate food is being contaminated by neglect and failure to act." (Id. at 3.)  Plaintiff seeks injunctive relief in the form of (1) bringing the food service in his housing unit "up to sanitation standards" or, (2) in the alternative, being "fed in the chow halls under modified feeding procedure on redirect program."  (Id. at 4.)

**DISCUSSION**

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

§ 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not amount to cruel and unusual punishment. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  In a conditions of confinement claim under the Eighth Amendment, the prisoner must show that: (1) the deprivation is, objectively, sufficiently serious, and (2) the prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference. See Farmer, 511 U.S. at 834.

The present complaint does not state a claim upon which relief can be granted against any Defendant based on Plaintiff's allegations that food service procedure during lockdown/modified program periods are sufficiently serious.  First, it is not clear whether the conditions were objectively serious enough to violate the Eighth Amendment because Plaintiff does not state any specific situation involving contamination (or any specific time frame).  Nor does he state any injury or illness that occurred as a result of the contamination.  Second, the complaint does not link any named Defendant to this claim.  In his amended complaint, Plaintiff must link one or more Defendants to this claim by stating what each proposed Defendant did or failed to do that caused a violation of his constitutional rights.  For example, Plaintiff needs to identify the persons who

2

1   caused a specific incident of contamination and the injury or illness that resulted.  Plaintiff also

2   needs to allege that these persons acted with deliberate indifference to the risk to his health and

3   safety in making the decisions while acting under the color of state law.  In his complaint, Plaintiff

4   only names the warden, Randy Grounds, as a Defendant; however, Plaintiff does not allege that the

5   warden played any part in the decision-making process relating to food service.  The warden may

6   have been named because he was in charge of the prison, but there is no respondeat superior liability

7   under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of

8   an employee.  Liability under § 1983 arises only upon a showing of personal participation by the

9   defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

10       Accordingly, Plaintiff's complaint is DISMISSED with leave to amend to cure the pleading

11   deficiencies named above.

12                                    **CONCLUSION**

13       For the foregoing reasons, the complaint is DISMISSED with leave to amend.  The amended

14   complaint must be filed no later than **thirty (30) days** from the date of this Order, and must include

15   the caption and civil case number used in this Order, Case no. C 11-3463 SBA (PR), and the words

16   AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the

17   designated time will result in the dismissal of this action.

18       Plaintiff is advised that the amended complaint will supersede the original complaint and all

19   other pleadings.  Claims and Defendants not included in the amended complaint will not be

20   considered by the Court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

21       IT IS SO ORDERED.

22   Dated:_5/4/12                          _Saundra B Armstrong_____

23                                          SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

24

25

26

27

28

                                            3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MALCOLM COLEMAN,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.
_____/

Case Number: CV11-03463 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malcolm Coleman F-28833
California Traning Facility
Central
P.O. Box 689
Soledad, CA 93960

Dated: May 8, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

United States District Court
For the Northern District of California

G:\PRO-SE\SBA\CR.11\Coleman3463.DWLA.wpd

4