IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM COLEMAN, | No. C 11-3463 SBA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| WARDEN RANDY GROUNDS, Warden, B. ROGERS, Assistant Food Manager, R. WHITE, Assistant Warden and D. FOSTON, Chief Inmate Appeals, | |
| Defendants. / | |

### **INTRODUCTION**

Plaintiff Malcolm Coleman, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis was granted on August 17, 2011. (Dkt. 6). On May 8, 2012, the Court dismissed Plaintiff's complaint with leave to amend. (Dkt. 7). On August 1, 2012, Plaintiff timely filed an amended complaint. (Dkt. 11). His amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

### **BACKGROUND**

In the May 8, 2012 Order dismissing the complaint with leave to amend, the Court determined that Plaintiff was attempting to assert an Eighth Amendment claim based on unsanitary food service procedures during lockdown/modified program periods at CTF. The Court concluded that the allegations in Plaintiff's complaint did not state a claim under the Eighth Amendment because Plaintiff failed to allege: (1) one or more situations involving contamination in any

1   particular time frame; (2) any injury that occurred as a result of the contamination; (3) any link
2   between the conduct of a named Defendant to this claim; and (4) that the named Defendants acted
3   with deliberate indifference regarding Plaintiff's health and safety.

4       In his amended complaint, Plaintiff alleges the following.  On or about March 17, 2010,
5   Plaintiff noticed a long strand of blonde hair in the tray of food served to him.  This prompted
6   Plaintiff to notice other unsanitary conditions such as the fact that dust, trash, mice and rat feces
7   could be swept from the upper tier cells to food on the tables on the lower tiers and that the food
8   handlers; and that staff and inmates are not instructed on sanitation, personal hygiene, nor are they
9   medically cleared to handle food.  Plaintiff filed a California Department of Corrections and
10  Rehabilitation (CDCR) form 602 appeal in which he stated that the food being served in the housing
11  units was being contaminated and that the housing units were unsanitary for feeding purposes.

12      On April 12, 2010, Plaintiff was interviewed by Correctional Food Manager (CFM) B.
13  Rogers.  Plaintiff showed CFM Rogers the dust particles floating in the air and that trash, mice or rat
14  feces or any other contaminate could be kicked over the second or third tiers to the tiers below.
15  While they were talking, Correctional Officer Lopez said that this problem had been solved in
16  another part of the prison by putting a three inch strip of sheet metal along the outer bottom base of
17  the tiers to prevent trash from going over the tier and into the food below.  CFM Rogers and Plaintiff
18  agreed this would prevent trash from falling over the tiers and CFM Rogers said he would address
19  Plaintiff's concerns.

20      Plaintiff alleges that he suffers from severe discomfort in his throat.  He feels as if food is
21  stuck in his throat and that he is choking.  Plaintiff was examined by Dr. Lam, who diagnosed
22  Plaintiff with esophagitis, reflux and gastritis.   Dr. Lam prescribed medication, but Plaintiff still
23  suffers from the feeling that something is stuck in his throat and that he is choking, even when he is
24  not eating.  Plaintiff alleges that he believes his symptoms are the result of the food being
25  contaminated during the cell feeding procedures at CTF.

26      Plaintiff seeks injunctive relief and money damages.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not amount to cruel and unusual punishment. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison officials must provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. Farmer, 511 U.S. at 832. In a conditions of confinement claim under the Eighth Amendment, the prisoner must show that: (1) the deprivation is, objectively, sufficiently serious, and (2) the prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Id. at 834. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842; see also Galbraith v. County of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002) (overruling previous authority which required heightened pleading of improper motive in constitutional tort cases).

In his amended complaint, Plaintiff remedies several deficiencies noted in the Court's May 8,

2012 Order. First, Plaintiff now alleges that the allegedly contaminating conditions existed from March 17, 2010 up to the time he filed his complaint on July 14, 2011. Second, Plaintiff now alleges that he suffers from throat and gastric problems as a result of the contamination. Third, Plaintiff now alleges that CFM Rogers knew of the allegedly contaminating conditions and said that he would take care of them, thus, indicating that he has the authority to establish or to change allegedly unsanitary feeding procedures at CTF. Although Plaintiff fails to allege facts showing that CFM Rogers knew that the contaminating conditions were the cause of Plaintiff's ailments or that he acted with deliberate indifference to Plaintiff's personal safety or medical needs, under the liberal notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure and the liberal standard for construing pro se pleadings, the Court finds that Plaintiff has alleged a cognizable Eighth Amendment claim against CFM Rogers. However, because Plaintiff does not mention any of the other named Defendants in his complaint, he has failed to state a claim against them. Therefore, the claims against all Defendants with the exception of CFM Rogers are dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim against Defendant CFM Rogers.

2. Plaintiff's claims against all other Defendants are DISMISSED for failure to state a claim.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and amended complaint and all attachments thereto (docket nos. 1 and 11) and a copy of this Order to CFM Rogers. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to

4

1 Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, 2 to waive service of the summons, fails to do so, he will be required to bear the cost of such service 3 unless good cause be shown for his failure to sign and return the waiver form. If service is waived, 4 this action will proceed as if Defendant had been served on the date that the waiver is filed, except 5 that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before 6 **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time 7 to respond than would be required if formal service of summons is necessary.) Defendant is asked 8 to read the statement set forth at the foot of the waiver form that more completely describes the 9 duties of the parties with regard to waiver of service of the summons. If service is waived after the 10 date provided in the Notice but before Defendant has been personally served, the Answer shall be 11 due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** 12 from the date the waiver form is filed, whichever is later.

13      5. Defendant shall answer the complaint in accordance with the Federal Rules of Civil 14 Procedure. The following briefing schedule shall govern dispositive motions in this action:

15      a. No later than **sixty (60) days** from the date his answer is due, Defendant shall 16 file a motion for summary judgment or other dispositive motion. The motion shall be supported by 17 adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 18 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall 19 so inform the Court prior to the date the summary judgment motion is due. All papers filed with the 20 Court shall be promptly served on Plaintiff.

21      b. Plaintiff's opposition to the dispositive motion shall be filed with the Court 22 and served on Defendant no later than **sixty (60) days** after the date on which Defendant's motion is 23 filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing 24 a summary judgment motion:

25      The defendant has made a motion for summary judgment by which he seeks
to have your case dismissed. A motion for summary judgment under Rule 56 of the
26      Federal Rules of Civil Procedure will, if granted, end your case.

27      Rule 56 tells you what you must do in order to oppose a motion for summary
judgment. Generally, summary judgment must be granted when there is no genuine
28

5

> issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendant], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.    If Defendant wishes to file a reply brief, he shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

      7.    All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

      8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated:_1/28/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MALCOLM COLEMAN,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.
_____/

Case Number: CV11-03463 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malcolm Coleman F-28833
California Traning Facility
Central
P.O. Box 689
Soledad, CA 93960

Dated: January 28, 2013

                                       Richard W. Wieking, Clerk
                                       By: Lisa Clark, Deputy Clerk